| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>LOCATION: Portland<br>DOCKET NO. CV-25- 286 |

| | |
|---|---|
| MARCY KAMIN<br><br>Plaintiff<br><br>v.<br><br>SN SERVICING CORPORATION<br><br>Defendant | CLASS ACTION COMPLAINT |

Plaintiff Marcy A. Kamin-Crane, individually and on behalf of all others similarly situated, brings this class action complaint against Defendant SN Servicing Corporation, and alleges as follows:

## INTRODUCTION

1. This is a class action brought under Maine's mortgage servicer good faith statute, 9-A M.R.S. § 6113, against SN Servicing for systematically violating state consumer protection law by

    a. charging late fees after foreclosure has been initiated and the mortgage loan has been accelerated;

    b. saying, falsely, to persons whose debts have been <u>discharged in bankruptcy</u>, on mortgage statements that (i) "<u>we may report information about your account</u> to credit bureaus" and that "late payments, missed payments, or other defaults on your account may be <u>reflected on your credit report</u>," and (ii) "*you* are . . . delinquent on

   *your* mortgage loan" and otherwise giving the false impression that the discharged debtor is personally liable for the debt; and

   c. Seeking deficiency judgments after a foreclosure final hearing through proposed orders that used deceptive and confusing language seeking execution issue against the discharged debtor.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 4 M.R.S. § 105 and 14 M.R.S. § 5954, as this action arises under state consumer protection laws and Defendant is subject to personal jurisdiction in Maine.

3. Venue is proper in Cumberland County because Plaintiff resides in this County, the subject property is located in this County, and the events giving rise to this action occurred in this County.

## PARTIES

4. Plaintiff Marcy A. Kamin is an individual consumer who resides in Cumberland Center, Maine, and is a member of the putative class defined below.

5. Defendant SN Servicing Corporation is, upon information and belief, a mortgage servicer operating in Maine that qualifies as a "mortgage servicer" under 9-A M.R.S. § 6113 and regularly initiates and manages foreclosure proceedings throughout the state.

6. SN Servicing is a licensed mortgage servicer in the State of Maine.

7. SN Servicing operates as a specialized servicer of distressed mortgage loans, with a particular focus on non-performing and bankruptcy-related cases. According to SN Servicing's marketing materials and website:

    a. SN Servicing "specializes in re-performing seriously delinquent loans, including HUD/FHA, USDA, and VA loans for investors" and maintains "a substantial portion in under-performing and non-performing residential mortgage loans."

    b. SN Servicing maintains dedicated "focused bankruptcy and foreclosure management teams" and operates with "time-tested proprietary timelines and attorneys in every state."

    c. SN Servicing has established a specialized "Bankruptcy Team" that "receives or retrieves information relevant to the filings and monitors the bankruptcy proceedings from filing to dismissal/discharge."

    d. When borrowers file bankruptcy, SN Servicing's standard practice is that "the loan is transferred to a BK Asset Manager for the duration of the Bankruptcy."

    e. SN Servicing maintains "a time-tested proprietary list of approved attorneys for each state" and utilizes "a nationwide foreclosure and bankruptcy attorney network."

## CLASS ALLEGATIONS

8. Plaintiff brings this as a class action pursuant to Maine Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following putative classes:

    a. CLASS ONE (Late Fee Class): All consumers who: (1) obtained mortgage loans secured by real property located in Maine primarily for personal, family, or household purposes; (2) had said mortgage subsequently serviced by SN Servicing; (3) had a foreclosure action filed against said Maine property and (4) were charged late fees by SN Servicing after the foreclosure complaint was filed, within six years prior to the filing of this action.

    b. CLASS TWO (False Statement Class): All consumers who: (1) obtained mortgage loans secured by real property located in Maine primarily for personal, family, or household purposes; (2) received a discharge in bankruptcy covering said mortgage debt; (3) had said mortgage subsequently serviced by SN Servicing after their discharge; and (4) received mortgage statements from SN Servicing containing false representations of "amounts due", about credit reporting, delinquency status, or personal liability for the discharged debt, within six years prior to the filing of this action.

    c. CLASS THREE (Deficiency Class): All consumers who: (1) obtained mortgage loans secured by real property located in Maine primarily for personal, family, or household purposes; (2) received a discharge in bankruptcy covering said mortgage debt; (3) were subjected to foreclosure proceedings on said Maine property where SN Servicing was the servicer after their discharge; and (4) against whom SN Servicing sought deficiency relief in court proceedings or proposed judgments despite the bankruptcy discharge, within six years prior to the filing of this action.

9. The classes are so numerous that joinder of all members is impractical. Based on available information, and Defendant's servicing patterns and foreclosure filings, each class may include more than forty Maine consumers affected by Defendant's systematic practices.

10. Questions of law and fact common to the class include:

    a. Whether Defendant qualifies as a "mortgage servicer" under 9-A M.R.S. § 6113 and a "debt collector" under Maine and federal fair debt collection statutes when servicing mortgage loans for discharged debtors;

b. Whether Defendant employs standardized policies, procedures, forms, and collection practices that systematically violate consumer protection laws across all class members;

c. Whether Defendant's standardized practices violate Maine's mortgage servicer good faith requirements under 9-A M.R.S. § 6113;

d. Whether Defendant's standardized practices violate the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013(2)(B) by falsely representing the character, amount, or legal status of discharged debts by seeking deficiency judgments, charging late fees, and representing on mortgage statements that consumers are personally liable for discharged obligations;

e. Whether Defendant's standardized practices violate the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013 (2)(E): Threatening to take legal action that cannot legally be taken, specifically seeking deficiency judgments against discharged debtors and threatening credit reporting consequences for discharged debts;

f. Whether Defendant's standardized practices violate the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013(2)(J): Using false representations and deceptive means to collect discharged debts, including standardized language in court filings and mortgage statements that mislead consumers about their legal obligations.

g. Whether Defendant's standardized practices violate the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013 (3)(A): Collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt (late fees after loan acceleration) or permitted by law (personal liability on discharged debts);

h. Whether Defendant's standardized practices violate the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013 (3)(F): Taking or threatening to take legal action

when no right to such collection exists, specifically pursuing deficiency judgments and executions against discharged debtors and threatening to report to credit reporting agencies when no debt is owed.

    i. Whether charging late fees after mortgage loan acceleration violates the terms of promissory notes and applicable consumer protection laws;

    j. Whether seeking deficiency judgments or claiming a right to execute on judgments in filings against discharged debtors violates federal bankruptcy law and state consumer protection statutes;

    k. Whether Defendant's conduct demonstrates a pattern and practice of violations affecting all class members who received similar standardized treatment;

    l. The appropriate measure of actual and statutory damages for the class under applicable Maine and federal consumer protection laws;

    m. Whether class members are entitled to injunctive relief, attorney fees, and costs under the applicable statutes.

11. Plaintiff's claims are typical of class members' claims, as all arise from Defendant's standardized practices, forms and form language, and collection strategies.

12. Plaintiff will fairly and adequately protect class interests and has retained competent counsel experienced in consumer protection and class action litigation.

13. A class action is superior to other available methods for fair and efficient adjudication because individual damages may be small relative to litigation costs, common legal and factual issues predominate, and class treatment will provide meaningful deterrence against future violations affecting Maine consumers.

## **FACTUAL ALLEGATIONS**

14. On March 4, 2015, Plaintiff filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the District of Maine, Case No. 15-20124.

15. Plaintiff received a discharge of personal liability for debts on June 2, 2015, which expressly included any personal liability for the mortgage debt.

16. The mortgage debt was secured by real property located at 9 Acorn Lane, Cumberland Center, Maine 04021.

17. The mortgage debt was originally held by Wells Fargo Bank, N.A. in the original principal amount of $273,654.00, secured by a mortgage recorded in the Cumberland County Registry of Deeds in Book 27574, Page 76.

18. Through a series of assignments, the Mortgage came to be held by U.S. BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES IV TRUST, with SN Servicing serving as its mortgage servicer.

19. The then Mortgagee, and its then servicer Wells Fargo, initiated foreclosure proceedings against the Plaintiff in the Cumberland County Superior Court in late 2018, Case No. RE-2018-277.

20. SN Servicing took over servicing of the loan on or around December 2019 and has remained in that role since.

21. On information and belief, SN Servicing, not the mortgagee, hires and directs counsel to conduct foreclosure actions.

22. After SN Servicing took over Ms. Kamin's loan, new attorneys were hired, and the attorneys who had originally filed at Wells Fargo's direction withdrew from the case.

### SN Servicing Seeks Deficiency Judgments and Execution of Said Judgment Against Discharged Debts and Debtors

23. At trial on June 20, 2025, the representative for SN Servicing stated, under oath, that SN Servicing and/or the mortgagee was seeking a deficiency judgment against the Plaintiff.

24. After the trial, the Defendant's counsel, Demerle and Associates, a Massachusetts-based debt collection firm, filed a proposed judgment seeking a deficiency judgment with execution to issue. The proposed language says:

> **"That an execution shall issue against Defendant for any deficiency** provided that the requirements are met, but that no deficiency judgment nor writ of execution shall issue against any Defendant who has received a discharge in bankruptcy for this debt, nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay."

25. The Defendant knows or should know if the person it is filing against has been discharged or not. The inclusion of the language violates the defendant's duty to act in good faith.

26. The inclusion of the above language can mislead a consumer into believing that he or she may owe amounts, although they have received a discharge of the debt.

27. The Defendant's inclusion of the above language does not relieve it of its obligations to act in good faith.

28. The clause is insufficient to prevent violations of the discharge injunction because it permits execution to issue generally, with only a conditional carve-out that does not affirmatively prohibit the creditor or its agents from initiating unlawful collection activity, including filing for a deficiency judgment. This shifts the compliance burden improperly to either the Court or the consumer.

29. On information and belief, Defendant seeks deficiency judgments against all mortgagors in Maine.

30. It is likely that, if such language were not challenged, this submission to the court, in connection with a collection lawsuit, could result in a deficiency judgment against a debtor whose debt had been discharged.

31. At all relevant times, Defendant knew or should have known that Plaintiff had received a bankruptcy discharge covering the mortgage debt, making any deficiency collection legally prohibited.

### SN Servicing Sends Deceptive and False Monthly Mortgage Statements Saying Non-Payment of Discharged Debts Will be Reported on Consumers' Credit Reports

32. Prior to the Foreclosure trial, from at least December of 2019 to the present, Defendant has sent Ms. Kamin monthly mortgage statements (over 60) which, on information and belief, each state the following:

    a. "we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report."

    b. "you are . . . delinquent on your mortgage loan"

33. Each of the monthly mortgage statements also states various other indications that the recipient is liable for money, such as itemizing various amounts due.

### SN Servicing Charges Unauthorized Late Fees on Accelerated Debts

34. Following the acceleration of the loan via the foreclosure complaint, SN Servicing charged Ms. Kamin late fees on the loan — more than 20 in total — even though no monthly payments were due under the note following commencement of the foreclosure.

35. SN Servicing then sought to collect those late fees as part of its foreclosure action against Ms. Kamin.

36. Under the terms of the standard mortgage note (¶6(A)), late charges are permitted only for the late payment of scheduled monthly installments.

37. Once SN Servicing accelerated the loan by demanding full payment in the foreclosure complaint, no future monthly installments were due. Therefore, no further late charges could lawfully accrue.

38. This practice of charging late fees post-acceleration is not authorized by the note and violates Defendant's duty of good faith and fair dealing under Maine law.

### COUNT I - CLASS CLAIMS
**(Violation of the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013 - False Representations and Unfair Practices)**

39. Plaintiff incorporates all preceding allegations.

40. Plaintiff and members of each class are "consumers" within the meaning of 32 M.R.S.A. § 11002(3), as they are natural persons obligated or allegedly obligated to pay debts incurred primarily for personal, family, or household purposes.

41. The alleged mortgage debts at issue constitute "debts" within the meaning of 32 M.R.S.A. § 11002(5), as they are alleged obligations to pay money arising from transactions in which money, property, services, or credit were extended to consumers primarily for personal, family, or household purposes.

42. Defendant is a "debt collector" within the meaning of 32 M.R.S.A. § 11002(4), as it regularly collects or attempts to collect alleged debts owed to others, including through mortgage servicing activities and foreclosure proceedings.

43. Defendant violated 32 M.R.S.A. § 11013(2) by using false, deceptive, or misleading representations in connection with the collection of discharged debts, including:

    a. **Section 11013(2)(B):** Falsely representing the character, amount, or legal status of discharged debts by seeking deficiency judgments, charging late fees, and representing on mortgage statements that consumers are personally liable for discharged obligations;

    b. **Section 11013(2)(E):** Threatening to take legal action that cannot legally be taken, specifically seeking deficiency judgments against discharged debtors and threatening credit reporting consequences for discharged debts;

    c. **Section 11013(2)(J):** Using false representations and deceptive means to collect discharged debts, including standardized language in court filings and mortgage statements that mislead consumers about their legal obligations.

44. Defendant violated 32 M.R.S.A. § 11013(3) by using unfair or unconscionable means to collect discharged debts, including:

    a. **Section 11013(3)(A):** Collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt (late fees after loan acceleration) or permitted by law (personal liability on discharged debts);

    b. **Section 11013(3)(F):** Taking or threatening to take legal action when no right to such collection exists, specifically pursuing deficiency judgments and executions against discharged debtors and threatening to report to credit reporting agencies when no debt is owed.

45. Defendant's systematic practices constitute a pattern of conduct designed to harass, oppress, and abuse discharged debtors by continuously attempting collection of legally uncollectible debts over extended periods.

## COUNT II - CLASS CLAIMS
### (Violation of 9-A M.R.S. § 6113 - Breach of Mortgage Servicer Duty of Good Faith)

46. Plaintiff incorporates all preceding allegations.

47. Plaintiff and class members are "obligors" within the meaning of 9-A M.R.S. § 6113(1)(D), as they are persons who are alleged to owe or allegedly owed payment or performance of obligations secured by mortgages on their properties.

48. The alleged mortgage debts are "obligations" within the meaning of 9-A M.R.S. § 6113(1)(C), as they are alleged debts secured by mortgages of the type described in section 6111, subsection 1, and the statute expressly includes mortgage obligations "even if the debt secured by the mortgage has been discharged in bankruptcy."

49. Defendant is a "mortgage servicer" within the meaning of 9-A M.R.S. § 6113(1)(B-1), as it regularly takes actions with respect to alleged mortgage obligations that affect obligors' payment or performance and relate to the enforcement of loan owners' rights.

50. As a mortgage servicer, Defendant owed Plaintiff and class members a duty of good faith in servicing alleged obligations and in foreclosure actions pursuant to 9-A M.R.S. § 6113(2).

51. Good faith requires "honesty in fact and the observance of reasonable commercial standards of fair dealing." 9-A M.R.S. § 6113(1)(A).

52. Defendant systematically breached its duty of good faith by:
    a. Seeking collection of debts it knew or should have known were discharged in bankruptcy;

   b. Filing standardized threatening language regarding the collection of uncollectible debts;

   c. Charging late fees after loan acceleration when no monthly payments were due;

   d. Making false representations in court proceedings about seeking deficiency judgments;

   e. Failing to observe reasonable commercial standards when dealing with discharged debtors;

   f. Violating MFDCPA as alleged herein;

   g. Violating the federal bankruptcy discharge injunction under 11 U.S.C. § 524(a)(2).

53. Defendant qualifies as a "mortgage servicer" under 9-A M.R.S. § 6113(1)(B-1) because it is responsible for servicing obligations by taking action with respect to mortgage obligations that affect obligors' payment or performance and relate to enforcement of loan owners' rights.

54. As a mortgage servicer, Defendant owed Plaintiff and all class members a direct duty of good faith in servicing obligations and in foreclosure actions pursuant to 9-A M.R.S. § 6113(2).

55. Good faith requires "honesty in fact and the observance of reasonable commercial standards of fair dealing." 9-A M.R.S. § 6113(1)(A).

56. Defendant systematically breached its duty of good faith toward Plaintiff and all class members by:

   a. Seeking collection of debts it knew or should have known were discharged in bankruptcy;

b. Filing standardized threatening language regarding the collection of uncollectible debts;

c. Presenting testimony in court that deficiency judgments are sought on discharged obligations;

d. Failing to observe reasonable commercial standards when dealing with discharged debtors across multiple cases, including checking electronic court records to determine if a person has been granted a discharge;

e. Threatening or stating that false information about debts will be provided to credit reporting agencies;

f. Violated the MFDCPA, as alleged here, by its actions;

g. Violated the permanent injunction under 11 U.S.C. § 524(a)(2) by seeking to collect discharged debts.

57. No reasonable mortgage servicer would fail to determine if a person has filed for bankruptcy before filing a foreclosure action.

58. Upon information and belief, the Defendant records reflected a bankruptcy filing by class members before any foreclosure action was filed against the class member.

59. No reasonable mortgage servicer would systematically seek deficiency judgments on debts that have been discharged in bankruptcy.

60. It is a violation of the Maine Mortgage Servicer Duty of Good Faith to violate the Maine and Federal Fair Debt Collection Practices Acts in connection with an obligation.

61. It is a violation of a Maine Mortgage Servicers Duty of Good Faith to violate the Bankruptcy permanent injunction in connection with an obligation.

62. Defendant's systematic conduct demonstrates a pattern and practice of violating the duty of good faith across multiple cases, affecting Plaintiff and all class members who were subjected to these standardized practices.

## **DAMAGES FOR ALL COUNTS**

63. As a result of Defendant's violations, Plaintiff and class members have suffered actual damages, including:
    a. Harm from making claims for unauthorized late fee charges that were improperly assessed after loan acceleration, added to the loan balance, and incorporated into foreclosure judgments, causing direct financial injury to class members with limited resources during financial distress;
    b. Out-of-pocket expenses incurred to address Defendant's violations, including costs of legal consultation, court filing fees for pro se responses, credit monitoring services, and financial counseling to understand rights under bankruptcy law;
    c. Concrete informational injury from receiving false and misleading statements about their legal obligations, credit reporting consequences, and personal liability status, depriving class members of accurate information necessary to make informed financial decisions;
    d. Time lost and opportunity costs from being forced to respond to improper collection activities, attend court proceedings on discharged debts, research their legal rights, and communicate with Defendant about violations of the discharge injunction;

e. Emotional distress and mental anguish from ongoing collection pressure on legally discharged debts, false threats of credit damage, and the stress of defending against collection actions they believed were resolved through bankruptcy;

f. Interference with fresh start rights guaranteed under federal bankruptcy law, including the undermining of the discharge's intended relief from financial pressure and the reintroduction of anxiety about debts that were legally eliminated;

g. Depletion of limited financial resources during periods of financial hardship, as class members were forced to allocate scarce funds to address Defendant's improper collection efforts rather than meeting basic living expenses or rebuilding their financial stability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Certify this action as a class action pursuant to Maine Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the three classes defined herein;

B. Appoint Plaintiff as class representative and undersigned counsel as class counsel for each class;

C. Enter judgment against Defendant, finding that it violated:

   1. The Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11013;

   2. The Maine Mortgage Servicer Duty of Good Faith, 9-A M.R.S. § 6113;

D. Award actual damages to Plaintiff and all class members;

E. Award statutory damages as follows:

1. Award additional statutory damages of $500,000 or one percent of Defendant's net worth to the class, whichever is less, under 32 M.R.S.A. § 11054 for the class-wide pattern of FDCPA violations;

2. $15,000 per violation of the Mortgage Servicer Duty of Good Faith per 9-A M.R.S. § 6113(3)(C);

F. Award reasonable attorney fees and costs to Plaintiff and class counsel;

G. Enter permanent injunctive relief prohibiting Defendant from:

1. Charging late fees after mortgage loan acceleration;

2. Seeking deficiency judgments against discharged debtors;

3. Making false representations about credit reporting for discharged debts;

4. Using standardized forms that threaten the collection of discharged debts;

5. Engaging in any other practices that violate the discharge injunction under 11 U.S.C. § 524(a)(2);

6. Violating Maine's mortgage servicer duty of good faith in any manner described herein;

H. Award pre-judgment and post-judgment interest at the highest rate permitted by law;

I. Order appropriate notice to the class and establish procedures for claims administration;

J. Grant such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 29, 2025                                    Respectfully submitted,

/s/ *John Z. Steed*
John Z. Steed, Esq. (Bar No. 5399)
Island Justice, LLC
P.O. Box 711 / 40 School Street
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com