UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARCY KAMIN,<br><br>    PLAINTIFF<br>v.<br><br>SN SERVICING CORPORATION,<br><br>    DEFENDANT | CASE NO. 2:25-CV-00499-SDN |

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

NOW COMES Defendant SN Servicing Corporation ("SN Servicing" or "Defendant") and responds and opposes Plaintiff Marcy Kamin's Motion to Remand [ECF No. 9] as follows:

1. On August 29, 2025, the Plaintiff Kamin filed a complaint with the Cumberland County Superior Court (the "Complaint"), *Marcy Kamin v. SN Servicing Corporation*, Docket No. PORSC-CV-2025-00286 ("State Court Action") commencing the above-captioned action.

2. The State Court Action arose out of testimony given by a representative of SN Servicing Corporation, as a mortgage servicer for the foreclosing entity, U.S. Bank Trust, National Association as Trustee of the Cabana Series IV Trust, in a hearing on a complaint for foreclosure and sale of Plaintiff's property located in Cumberland Center, Maine.

3. Plaintiff, on behalf of herself and other members of a class, has raised a series of allegations against the named Defendant in connection with the Foreclosure,

including violations of the Maine Fair Debt Collections Practices Act, 32 M.R.S.A. § 11013 and Breach of Mortgage Servicer Duty of Good Faith, 9-A M.R.S. § 6113.

4. Plaintiff seeks injunctive relief and statutory damages of $500,000 or one percent of the SN Servicing's net worth to the class, and additional damages of $15,000 per violation of the Mortgage Servicer's Duty of Good Faith. Complaint ¶ E(1) and (2).

5. SN Servicing filed a Notice of Removal with this Court on September 30, 3025 [ECF No. 1]. This Court has jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendant has diversity of citizenship and complaint seeks statutory amounts that exceed the jurisdictional amount of $75,000. A Jurisdictional Affidavit dated November 10, 2025 in attached hereto and incorporated herein as Exhibit A.

### A. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).

6. This Court has jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendant has diversity of citizenship and the statutory damages sought by the Plaintiff on behalf of herself and other class members exceed $75,000.00.

7. Pursuant to 28 U.S.C. §1332(a)(1), this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interests and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court. *See*

*Irabor v. Lufthansa Airlines*, 427 F.Supp. 3d 222, 228 (D. Mass. 2019)(Court held diversity jurisdiction exists "only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

**B. There is Complete Diversity of Citizenship Among the Parties.**

8.      Plaintiff Marcy Kamin is a citizen of the State of Maine, as specifically alleged in the Plaintiff's Original Complaint. (Complaint, ¶ 4).

9.      Pursuant to 28 U.S.C. §1332(c)(1), Defendant SN Servicing Corporation is incorporated in the State of Alaska and has a principal place of business in Baton Rouge, Louisiana.  Jurisdictional Affidavit, ¶ 3.

**C. The Amount in Controversy Requirement is Satisfied.**

10.     To determine the amount in controversy, courts look first to the plaintiff's state court complaint.  The "party invoking the jurisdiction of the federal courts has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. The Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 398 (2d Cir. 2003).  There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold."  Id. (internal quotations marks and citations omitted).

11.     The amount in controversy is the amount claimed in the plaintiff's initial complaint and meets the jurisdictional requirements if that complaint "demands

monetary relief of a stated sum, that sum… is 'deemed to be the amount in controversy.'" *Irabor* at 228; quoting *Dart Chrokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 135 S.Ct. 547, 190 L.Ed 2d 495 (2014). As stated in Plaintiff's Complaint Defendant's Notice of Removal, the Plaintiff is seeking statutory damages under 32 M.R.S.A. § 11054 of the lesser of $500,000 or 1% of the value of the Defendant SN Servicing. Complaint, ¶ E(1) and Notice of Removal, ¶ 10 [ECF No. 1]. One percent of SN Servicing's value exceeds $75,000. Jurisdictional Affidavit, ¶ 6.

**D. Defendant Has Satisfied the Procedural Requirements for Removal.**

12.     Plaintiff filed the Complaint in the Cumberland County Superior Court of the State of Maine on August 29, 2025. Plaintiff served Defendant SN Servicing Corporation on September 8, 2025. The Notice of Removal was filed on September 30, 2025. Accordingly, the Notice of Removal was timely filed. See 28 U.S.C. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

13.     This action has been removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to U.S.C. § 1441(a). The United States District Court for the District of Maine located in Portland, Maine encompasses the Cumberland County Superior Court.

14.     Additionally, Plaintiff and Defendant are subject to personal jurisdiction in Maine. As set forth above, the Plaintiff is a citizen of the State of Maine.

The Defendant is a foreign corporation licensed to do business in the State of Maine. Plaintiff's Complaint seeks statutory damages of $500,000 or 1% of the value of the Defendant, either of which exceeds the jurisdictional amount of $75,000.

    15.    Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

SN Servicing Corporations,

By its attorney,

  /s/ *Joan M. Egdall*
Joan M. Egdall, Esq., Bar No. 9490
Demerle & Associates P.C.
10 City Square
Boston, MA 02129
617-934-7431
jegdall@demerlepc.com

Dated: November 12, 2025

**CERTIFICATION OF SERVICE**

I, Joan M. Egdall, Esq., of the law firm of Demerle & Associates P.C., hereby certify that I have this 12th day of November, 2025 served on behalf Defendant SN Servicing Corporation, a <u>Response to Plaintiff's Motion to Remand with Jurisdictional Affidavit</u> to all parties entitled to service per the United States District Court for the District of Maine Rules of Civil Procedure by filing the same with ECF and also emailing the same to all parties of record.

*/s/ Joan M. Egdall*
Joan M. Egdall, Esq.
