UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARCY KAMIN, <br><br> Plaintiff, <br><br> v. <br><br> SN SERVICING CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    2:25-cv-00499-SDN |

**ORDER ON MOTION TO REMAND**

Before me is Plaintiff Marcy Kamin's Motion to Remand this case to state court. ECF No. 9. For the reasons stated below, the motion is GRANTED.

## I.    Factual Background[1] and Procedural Posture

In August 2025, Ms. Kamin sued Defendant SN Servicing Corporation ("SN Servicing") in Cumberland County Superior Court. *See* ECF Nos. 1 at 2, 1-1. Ms. Kamin, on behalf of a putative class of similarly situated borrowers, alleges SN Servicing violated the Maine Fair Debt Collection Practices Act, 32 M.R.S. § 11001 *et seq.*, and breached Maine's mortgage servicer duty of good faith, 14 M.R.S. § 6113.[2] *See* ECF No. 1-1. These allegations stem from Ms. Kamin's 2015 bankruptcy discharge of her mortgage debt and SN Servicing's purported subsequent systematic practice of pursuing improper deficiency judgments, charging post-foreclosure late fees, and issuing false statements to discharged borrowers. *See id.* at 7–15.

---

[1] These facts are drawn from the Complaint, ECF No. 1-1, and the parties' filings at ECF Nos. 1, 9, 12, 13.

[2] While the Complaint and subsequent filings refer to Maine's mortgage servicer duty of good faith statute as "9-A M.R.S. § 6113," the provision at issue is "14 M.R.S. § 6113." *See* 14 M.R.S. § 6113.

1

In September 2025, SN Servicing timely removed the case to this Court based on diversity jurisdiction, contending complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000. *See* ECF No. 1 at 3; *see also* 28 U.S.C. § 1332(a). In October 2025, Ms. Kamin filed a motion to remand, arguing this Court lacks subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional minimum and SN Servicing, by omitting its principal place of business from its Notice of Removal, insufficiently pleaded corporate citizenship for diversity purposes. *See* ECF No. 9 at 2–3.

## II.   Discussion

On a motion to remand, courts consider whether removal was appropriate. Removal is appropriate only where the case originally could have been brought in federal court. *See* 28 U.S.C. §§ 1441, 1446. Federal courts have limited jurisdiction and ordinarily may only hear cases involving a federal question or diversity of citizenship. *See id*. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by Constitution and statute"). Here, SN Servicing premises removal on diversity jurisdiction, which requires the parties be "citizens of different states" and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a).

A corporation is deemed a citizen of: (1) every state in which it is incorporated; and (2) the state where it has its principal place of business. *Id*. § 1332(c). In its response to Ms. Kamin's Motion to Remand, SN Servicing identified its principal place of business as Louisiana, thereby adequately alleging corporate citizenship. *See* ECF No. 12 at 3. Because SN Servicing is an Alaskan corporation with a principal place of business in Louisiana and Ms. Kamin is a citizen of Maine, the parties are "citizens of different states." *See id*.; 28 U.S.C. § 1332(a), (c). Therefore, subject matter jurisdiction hinges on whether the amount

2

in controversy is satisfied. As the removing party, the burden is on SN Servicing to "establish the requisite amount in controversy by a preponderance of the evidence." *Finley v. George Weston Bakeries Distrib., Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007) (collecting cases applying the preponderance standard); *see Violette v. Interbake Foods, LLC*, No. 1:22-CV-00052, 2022 WL 1590772, at *2 (D. Me. May 19, 2022) ("[D]istrict courts in this circuit . . . 'require[] the defendant to show by a preponderance of the evidence' that the amount in controversy exceeds the jurisdictional requirement.") (quoting *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004)). Because this is a putative class action, the amount in controversy for jurisdictional purposes must be established by a single plaintiff and cannot be aggregated across the class. *See Snyder v. Harris*, 394 U.S. 332, 336 (1969). Further, "when a statute mandates or allows payment of [attorney's] fees," such fees may be included as part of the amount-in-controversy determination but are calculated only in regard to the named plaintiff's fees and may not be aggregated across class members. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

Here, Ms. Kamin seeks actual and statutory damages and attorney's fees under both 32 M.R.S. § 11054 and 14 M.R.S. § 6113. *See* ECF No. 1-1 at 16–17. Each statute allows for actual damages for emotional distress, out-of-pocket expenses, informational injury, time lost, and opportunity costs. *See* 32 M.R.S. § 11054(1)(A); 14 M.R.S. § 6113(4)(A). Similarly, both statutes specifically provide for attorney's fees. *See* 32 M.R.S. § 11054(1)(D); 14 M.R.S. § 6113(4)(C). Turning first to statutory damages under 32 M.R.S. § 11054, the Maine Fair Debt Collection Practices act permits, in the case of a class action, "[s]uch amount for each named plaintiff as may be recovered" for actual damages and "[s]uch amount as the court may allow for all other class members, without regard to a

minimum individual recovery, not to exceed the lesser of $500,000 and 1% of the net worth of the debt collector." 32 M.R.S. § 11054(1)(C). Shifting to statutory damages under 14 M.R.S. § 6113, recovery is permitted for up to "$15,000 for a pattern or practice of the mortgage servicer's violating the duty of good faith." 14 M.R.S. § 6113(4)(B).

Based on this requested relief, Ms. Kamin, the named plaintiff, contends the amount in controversy does not exceed $75,000. ECF No. 9 at 2. She correctly notes the Court assesses the amount in controversy based on her individual claims for damages and argues SN Servicing has failed to demonstrate how her relatively modest statutory claims satisfy the jurisdictional threshold. *Id*. SN Servicing responds that the amount in controversy is met because Ms. Kamin "is seeking statutory damages under 32 M.R.S.A. § 11054 of the lesser of $500,000 or 1% of the [company's] value," which it asserts exceeds $75,000. ECF Nos. 12 at 4, 12-1 at 1. This argument is incorrect.

SN Servicing seemingly rests removal solely on the statutory damages available in class actions under 32 M.R.S. § 11054, improperly attributing to the named plaintiff damages that are available only to the other class members. Under the statute, the amount equal to the "lesser of $500,000 and 1% of the net worth of the debt buyer" is recoverable by "all *other* class members," while the named plaintiff is entitled only to actual damages. 32 M.R.S. § 11054(1)(C) (emphasis added). SN Servicing does not address the amount of actual damages or attorney's fees Ms. Kamin seeks.

Ms. Kamin's pleadings assert only that the "modest" amounts recoverable under each statute do not permit an amount-in-controversy determination exceeding the $75,000 jurisdictional threshold. *See* ECF No. 9 at 2, 13 at 1. On the record before me, SN Servicing has not met its burden to show the amount in controversy exceeds $75,000. *See Sabina v. JP Morgan Chase Bank NA*, No. 2:14-CV-160, 2014 WL 5489447, at *4 (D. Me.

4

Oct. 29, 2014) (analyzing the amount in controversy in a class action context and explaining the "controlling question . . . is whether such a result is reasonably probable, not merely possible" (quotation modified)).

Because SN Servicing failed to meet its burden of establishing the amount in controversy exceeds the jurisdictional threshold of $75,000, this Court lacks subject matter jurisdiction over the case and must remand. *See id.* ("When the existence of jurisdiction is ambiguous, the limited nature of federal jurisdiction calls upon me to resolve the ambiguity in favor of remand.").

### III. Conclusion

For the foregoing reasons, Ms. Kamin's Motion to Remand, ECF No. 9, is **GRANTED**. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

**SO ORDERED.**

Dated this 21st day of January, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**